POLSTON, J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm Scott’s conviction for first-degree murder. However, unlike the majority, I would also affirm Scott’s death sentence because it is proportionate when compared to other death penalty cases.
In this case, the trial court found two aggravators beyond a reasonable doubt and gave them both great weight: (1) pri- or violent felony; and (2) commission during attempted armed robbery. Both ag-gravators resulted from determinations of guilt in this case. The trial court also found no statutory mitigators and nine nonstatutory mitigators of only slight and little weight: (1) religious faith; (2) love for family and friends; (3) no father in his life; (4) respectful to family; (5) loved by family; (6) good surrogate father; (7) ability to be a good father figure from prison; (8) overheard domestic abuse as a child; and (9) stopped a man from stealing. There is no evidence of mental health issues or substance addiction.
This Court has upheld death sentences in a number of robbery cases where the trial court found the prior violent felony aggravator, the commission during a robbery (or committed for pecuniary gain) aggravator, and similar or weightier miti-gators. See, e.g., Hayward v. State, 24 So.3d 17 (Fla.2009) (death sentence proportionate with aggravators of prior violent felony and commission during a robbery merged with pecuniary gain and nonstatutory mitigators, including growing up without a father given some weight and academic and financial problems given little weight), cert. denied, — U.S. -, 130 S.Ct. 2385, 176 L.Ed.2d 777 (2010); Lebron v. State, 982 So.2d 649 (Fla.2008) (death sentence proportionate with aggravators of prior violent felony and commission during a robbery merged with pecuniary gain and nonstatutory mit-igators, including family, emotional, and mental health problems that were not compelling); Miller v. State, 770 So.2d 1144 (Fla.2000) (death sentence proportionate with aggravators of prior violent felony and commission during an attempted robbery merged with pecuniary gain and nonstatutory mitigators, including re-morsefulness and cooperation with law enforcement given some weight and frontal lobe deficiency given moderate weight); Mendoza v. State, 700 So.2d 670 (Fla.1997) (death sentence proportionate with aggravators of prior violent felony and commission during a robbery merged with pecuniary gain and nonstatutory miti-gators, including drug use given little weight and mental health problems given minimal weight); Heath v. State, 648 So.2d 660 (Fla.1994) (death sentence proportionate with aggravators of prior violent felony and murder committed during course of robbery, statutory mitigator of extreme mental or emotional disturbance, and nonstatutory mitigators, including good character in prison).
Additionally, this Court has found the death penalty proportionate in robbery cases where the defendant had no appar *940 ent design to shoot someone. See, e.g., Phillips v. State, 39 So.3d 296 (Fla.2010), cert. denied, - U.S. -, 131 S.Ct. 520, 178 L.Ed.2d 384 (2010); Bryant v. State, 785 So.2d 422 (Fla.2001); Jackson v. State, 502 So.2d 409 (Fla.1986).
Accordingly, I believe the death sentence is proportionate in this case, and I would affirm Scott’s sentence as well as his conviction. I respectfully concur in part and dissent in part.
CANADY, C.J., concurs.